IN THE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  06-22862-CIV-GOLD/TURNOFF

SONYA HESTERLY

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A Liberian Corporation, KETHE
BERGHALL, M.D., AMRATCAL SHAU[1],
M.D. and (First Name Unknown) UATE
M.D.

      Defendants.
_____/

**DEFENDANTS, AMRATLAL SHAH, M.D.'S AND KETHE BERGHALL, M.D.'S JOINT MOTION TO STAY PROCEEDINGS PENDING DETERMINATION OF JURISDICTIONAL ISSUES AND/OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER**

Defendants, AMRATLAL SHAH, M.D. ("DR. SHAH") and KETHE BERGHALL, M.D. ("DR. BERGHALL") (collectively referred to as "the DEFENDANT DOCTORS"), specially appearing solely for the purpose of contesting jurisdiction, by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure hereby file this Joint Motion to Stay Proceedings Pending Jurisdictional Issues and/or in the Alternative, Motion for Protective Order and states as follows:

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO.: 06-22862-CIV-GOLD/TURNOFF

## Facts

1. DR. SHAH and DR. BERGHALL contend this Court does not have personal jurisdiction over them, therefore they filed Motions to Dismiss for Lack of Jurisdiction and Motions to Quash Service. A hearing on those motions is scheduled for January 25, 2008.

2. Mediation is scheduled for November 28, 2007. The DEFENDANT DOCTORS were not privy to the selection of the mediator and the mediation date. The DEFENDANT DOCTORS will not be in a position to mediate their cases as the jurisdictional issues are pending before the court and they have just been served with the Amended Complaint in a case that has been pending before this Court since November 22, 2006.

3. Furthermore, it is known that the Plaintiff and Defendant, ROYAL CARIBBEAN CRUISES LTD. ("RCL") wish to set several depositions as follows:

   a. Judy Flageolle in Mansfield, Missouri;

   b. Deborah Sanders in Mansfield, Missouri;

   c. Hazel Stuart in Columbia, Missouri;

   d. Larry Hesterly in Manfield, Missouri;

   e. Dr. Barbera Radanovich in Springfield, Missouri; and

   f. RCL's Corporate Representative in Miami.

---

[1] Plaintiff misspelled Dr. Shah's name in the Amended Complaint. The appropriate spelling will be used throughout this pleading.

2

CASE NO.: 06-22862-CIV-GOLD/TURNOFF

However, given the fact that the DEFENDANT DOCTORS are contesting jurisdiction, the DEFENDANT DOCTORS should not be required to participate in these merit-based depositions until the disposition of the jurisdictional issues has been had.

## Memorandum of Law

As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims. Panama v. BCCI Holdings S.A., 119 F.3d 935, 940 (11th Cir. 1997). Because there exists a strong policy to conserve judicial time and resources, preliminary matters such as personal jurisdiction should be raised and disposed of before the court considers the merits or quasi-merits of a controversy. Arrowsmith v. United Press International, 320 F.2d 219, 221 (2nd Cir. 1963). Both the United States Constitution and state long-arm statutes forbid a defendant from being forced to defend himself in the courts of a particular state unless that state can properly exercise personal jurisdiction over him. In that regard, objections to personal jurisdiction (unlike subject matter jurisdiction) are generally waivable. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 705, 102 S.Ct. 2099, 2105-06, 72 L.Ed.2d 492 (1982) where the Supreme Court explained this difference in these terms:

> The concepts of subject-matter jurisdiction and personal jurisdiction ... serve different purposes, and those different purposes affect the legal character of the two requirements.... Subject-matter jurisdiction... is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal

3

sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.... None of this is true with respect to personal jurisdiction.... The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.... Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.

*Id.* at 701-03, 102 S.Ct. at 2103-05 (citations and internal quotation marks omitted).

Moreover, the "actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* at 704-05, 102 S.Ct. at 2099. See, for example, Wybrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543, 547 (3rd Cir. 1967) (holding that defendant waived its personal jurisdiction defense when it participated in a hearing on a preliminary injunction before securing a determination of the personal jurisdiction challenge where the defendant failed to request a continuance of the hearing on the injunction). Accordingly, a defendant who participates in the adjudication of preliminary matters without securing a determination of his challenge to the court's personally jurisdiction over him submits himself to the court's jurisdiction. Id. This is true even where the defendant raises his personal jurisdiction defense at the earliest point required by the rules. Id.

It is clear from the decisions that the matter should be stayed pending a determination of the jurisdictional issues against the various parties so the DEFENDANT DOCTORS do not waive their personal jurisdictional defenses by

4

CASE NO.: 06-22862-CIV-GOLD/TURNOFF

participating in discovery on the merits. If the Plaintiff and RCL wish to serve jurisdictional discovery or take depositions on the jurisdictional issues, they should be allowed to do so. See <u>Eaton v. Dorchester Development, Inc.</u>, 692 F.2d 727 (11th Cir. 1982) (jurisdictional discovery is allowed in limited circumstances when a defendant contests jurisdiction). However, such discovery should be limited to jurisdictional issues only.

Moreover, Federal Rule of Civil Procedure 26(c) allows protective orders where discovery may lead to "undue burden or expense." Requesting RCL participate in non-jurisdiction depositions, mediation and respond to discovery on the merits will subject the DEFENDANT DOCTORS to unnecessary fees and costs and waste judicial resources. Thus, this Court should issue a Protective Order to protect the DEFENDANT DOCTORS from participating on discovery on the merits.

The DEFENDANT DOCTORS request a short stay of all proceedings on the merits including depositions and discovery until after the Hearing on the Motions to Dismiss scheduled January 25, 2008. In the alternative, if the Plaintiff and RCL wish to proceed without the DEFENDANT DOCTORS in pursuing the merits of this action, then the Defendant Doctors request that they are excused from such proceedings until after the Court rules on the Motions to Dismiss. If the parties do proceed in the meantime and the Court ultimately rules that it has jurisdiction over either or both of the DEFENDANT DOCTORS, then the DEFENDANT DOCTORS would reserve their rights to any and all discovery necessary to defend

5

CASE NO.: 06-22862-CIV-GOLD/TURNOFF

the claims against them regardless of whether such discovery has passed between the Plaintiff and RCL.

WHEREFORE, Defendants, AMRATLAL SHAH, M.D. and KETHE BERGHALL, M.D. respectfully request this Court grant their Joint Motion to Stay Proceedings Pending Jurisdictional Issues and/or in the Alternative, Motion for Protective Order and such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jerry D. Hamilton
Jerry D. Hamilton
JERRY D. HAMILTON
Florida Bar No. 970700
LORI S. COOPERIDER
Florida Bar No. 333890
HAMILTON, MILLER & BIRTHISEL, LLP
Attorneys for Defendants
AMRATLAL SHAH, M.D.
KETHE BERGHALL, M.D.
200 SE First Street
Suite 1102
Miami, Florida 33131
Telephone 305-379-3686
Telefax 305-379-3690

6

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO.: 06-22862-CIV-GOLD/TURNOFF

## Certification of Conference

Pursuant to Local Rule 7.1, the undersigned counsel conferred with counsel for the Plaintiff who agrees in principle to this motion as long as Plaintiff's counsel may conduct the jurisdictional discovery of their choice. Pursuant to Local Rule 7.1, the undersigned counsel conferred with counsel for RCL in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

/s/ Jerry D. Hamilton
Jerry D. Hamilton

7

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

CASE NO.:  06-22862-CIV-GOLD/TURNOFF

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day, November 1, 2007 on all counsel of record or pro se parties identified on the attached Service List in the manner specified, wither via transmission of Notices of Electronic Filing by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jerry D. Hamilton
Jerry D. Hamilton

## SERVICE LIST

Anna M. Morrissey
Joseph A. Morrissey
Morrissey Law Office
Attorneys for Plaintiff
2740 S. Glenstone
Suite 101
Springfield, MO 65804
US
417-889-7581
Fax: 417-889-2822
Email: anna@mlawoffice.com
Email: joe@mlawoffice.com

CASE NO.:  06-22862-CIV-GOLD/TURNOFF

Kenneth Gale Hawkes
Kenneth Gale Hawkes PA
Attorneys for Plaintiff
1717 North Bayshore Drive
Suite 4133
Miami, Florida 33132-1148
305-373-3434
Fax: 305-373-3424
Email: kgh@sealawyer.net

Frank Andrew Prieto
Law Office of Frank Andrew Prieto, P.A.
Attorneys for Defendant, Royal Caribbean Cruises Ltd.
2506 Ponce De Leon Blvd.
Coral Gables, Florida 33134
305-461-1116
Fax: 305-461-6446
Email: prietolaw@atlanticbb.net

Keith Steven Brais
Richard Dennis Rusak
Brais & Associates, P.A.
Attorneys for Defendant, Royal Caribbean Cruises Ltd.
80 SW 8th Street
Suite 2805
Miami, Florida 33130
305-810-5400
Fax: 305-810-5401
Email: gcraft@braislaw.com
Email:RRusak@Braislaw.com

HAMILTON, MILLER & BIRTHISEL, LLP.
200 Southeast First Street, Suite 1102 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690